# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

VALDA HARVEY,                          )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )        No. 05-0147-CV-W-FJG
                                       )
ENCOMPASS MEDICAL GROUP, et al.,       )
                                       )
                    Defendants.        )

## ORDER

Currently pending before the Court is defendant Ford Motor Company's Motion to

Dismiss or for a More Definite Statement (Doc. # 7) and Defendant UAW's Motion to

Dismiss (Doc. # 12).

### I. BACKGROUND

Plaintiff is an African American female who worked at the Ford Kansas City

Assembly plant as an assembly line worker.  In December 2003, plaintiff hurt her back

and sought medical treatment from Encompass Medical Group. Plaintiff encountered

difficulty in having Encompass Medical Group provide medical documentation to Ford.

As a result, plaintiff was terminated.  Plaintiff went through the union grievance process

and was ultimately reinstated.  However, she alleges that she was not treated the same

as white employees were treated.  Plaintiff claims that both Ford and the UAW violated

42 U.S.C. § 1981.  She alleges that Encompass Medical Group was negligent in failing

to submit the necessary medical paperwork to Ford in a timely manner.

### II. STANDARD

"The issue on a motion to dismiss for failure to state a claim pursuant to

Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997) (citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe, 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted). "The purpose of a 12(b)(6) motion is to determine whether the plaintiff has stated a claim upon which relief may be granted.

### III. DISCUSSION

#### A. Ford's Motion to Dismiss or For a More Definite Statement

Defendant Ford first argues that plaintiff has failed to state a claim under 42 U.S.C. § 1981. Ford states that from plaintiff's Complaint it appears that her Section 1981 race discrimination claim is based entirely on how her Union representatives handled her grievance and what they said to her in the process. Ford states that plaintiff has asserted conclusory boilerplate allegations of race discrimination against Ford in Counts I and III. Ford also argues that plaintiff has failed to state a retaliation

claim because the allegations in her Complaint relate to Ford Motor Credit, a distinct entity which is not listed as a defendant. Ford states that at the very least, plaintiff should be required to file a more definite statement to clear up the deficiencies and to correct the numerous nonsensical, inconsistent and confusing allegations contained in the Complaint.

In opposition, plaintiff states that she has complied with the liberal notice pleading requirements set forth in the Federal Rules of Civil Procedure and she has stated a claim under Section 1981 and has also stated a retaliation claim. Plaintiff states that her Complaint contains enough factual assertions to clearly put the defendant on notice as to the claims being asserted against them. Plaintiff states that under Fed.R.Civ.P. 12(e), a motion for a more definite statement is granted only when the pleading is so "vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading."

Fed.R.Civ.P. 12(e) states in part, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." In Dillon v. Brown County, Nebraska, No. 8:02CV108, 2003 WL 820570, (D.Neb. Mar. 3, 2003), the Court stated,

> [a] motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. . . . Motions for a more definite statement are rarely granted, however, in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides. . . .
>     Motions under Rule 12(e) are designed to strike at unintelligibility in a pleading rather than want of detail.

3

Id. at *4 (internal citations and quotations omitted).

In the instant case the Court does not find that the there is a major ambiguity or omission in the Complaint that renders it unanswerable.  Defendant Ford Motor Company is simply seeking more specific information regarding plaintiff's allegations, something which can be done through discovery or which plaintiff will soon provide through her initial disclosures and designation of discriminatory incidents. Therefore, the Court hereby **DENIES** defendant Ford Motor Company's Motion to Dismiss or for a More Definite Statement (Doc. # 7).

### B. UAW's Motion to Dismiss

Defendant UAW moves to dismiss plaintiff's Complaint because she has failed to sufficiently allege the capacity of the UAW as a proper party defendant pursuant to Section 1981 and her Complaint fails to state sufficient facts to state a claim for actionable race discrimination.  The UAW first argues that in the Complaint, plaintiff identifies the UAW as a collective bargaining unit.  The UAW argues that a "collective bargaining unit" is not recognized as a respondent or person subject to suit under Section 1981.  The UAW states that Section 1981 provides for damages against a "respondent."  A respondent is defined in Title VII, 42 U.S.C. § 2000-e(n) as ". . . an employer, employment agency, labor organization, joint labor management committee controlling apprenticeship or other training or re-training program, including an on-the-job training program or Federal entity subject to Section 2000e-16 of this title."  The UAW states that a "collective bargaining unit" is defined in the dictionary as "the group of employees for whom a labor union negotiates a collective bargaining agreement, also

4

called a collective bargaining unit." The UAW states that to the extent that plaintiff's Complaint fails to identify the UAW as anything other than a "collective bargaining unit" which is not subject to suit pursuant to 42 U.S.C. § 1981, plaintiff's Complaint should be dismissed for failure to state a claim.

Plaintiff states in opposition that under the liberal notice pleading standards of the Federal Rules of Civil Procedure, she was only required to give a short and plain statement of her claim.

In reviewing plaintiff's Complaint, it appears that she inadvertently referred to the UAW as a collective bargaining unit, instead of a labor organization. The UAW is clearly a labor organization. See Cook v. Chrysler Corp., 779 F.Supp. 1016, 1018 (E.D.Mo. 1991), aff'd, 981 F.2d 336 (1992)("The United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) and the Local 110 UAW are 'labor organizations' within the meaning of Title VII."); Mosley v. General Motors Corp., 497 F.Supp. 583, 584 (E.D.Mo. 1980), aff'd, 691 F.2d 504 (1982)("Defendants UAW and Local 25 thereof are labor organizations within the meaning of 42 U.S.C. § 2000e(d) and (e)"). Because this reference appears to be inadvertent, the Court will allow plaintiff to file an Amended Complaint to correct any misnomers. Plaintiff shall file her Amended Complaint on or before **January 13, 2006**.

The UAW also moves to dismiss plaintiff's Complaint because it fails to state sufficient facts constituting race discrimination by the UAW. The UAW argues that plaintiff's Complaint is deficient in that it fails to allege that plaintiff's reinstatement and the terms thereof were any different than those negotiated by defendant Union on behalf of similarly situated white employee. The UAW argues that plaintiff fails to allege that her

5

exclusion from any grievance meeting was based on discriminatory animus based on her race, that the conditions of the settlement negotiated were unfavorable due to any discriminatory animus and/or that there was any difference between the settlement negotiated on plaintiff's behalf and settlements negotiated for similarly situated white employees.

Plaintiff responds that under the liberal pleading rules, she is only required to give a short and plain statement of her claim. She also states that she will be required to provide a Designation of Discriminatory Incidents which will identify all the allegations of discrimination she is asserting.

The Court has reviewed plaintiff's Complaint, and while it could have provided more details, the Court does not find that plaintiff has failed to state a claim of discrimination under § 1981. As noted above, "[a] motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri, 107 F.3d at 684. In Jennings v. American Postal Workers Union, 672 F.2d 712, 716 (8th Cir. 1982), the Eighth Circuit in reversing the dismissal of a discrimination complaint stated, "[w]e also hold that plaintiff's complaint, though somewhat conclusory and far from artful, clearly charges that the union failed to process her grievance because she is black. That is enough to survive a motion to dismiss for failure to state a claim." In the instant case, this Court also finds that although plaintiff's Complaint is not a model of clarity, she has clearly alleged that the Union treated her differently because of her race. Thus, this Court also finds that this is sufficient to survive the UAW's Motion to Dismiss. Accordingly, the UAW's Motion to Dismiss is

6

hereby **DENIED** (Doc. # 12).

## IV. CONCLUSION

For the reasons stated above, defendant Ford's Motion to Dismiss or For a More

Definite Statement is hereby **DENIED** (Doc. # 7) and defendant UAW's Motion to

Dismiss is hereby **DENIED** (Doc. # 12).  Plaintiff shall filed her Amended Complaint on or

before **January 13, 2006**.


Date:  December 28, 2005                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                          Fernando J. Gaitan, Jr.
                                                           United States District Judge